UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 08CR 0205-08 |
| VERSUS | * | JUDGE DOHERTY |
| ROBERT ANDREW COLBERT | * | MAGISTRATE JUDGE HILL |

### ORDER DENYING RECONSIDERATION AND REASONS FOR RULING

The defendant, Robert Andrew Colbert, has filed a motion to reconsider detention. [Record document 265]. The government has filed a response opposing the reconsideration. [Record document 267]. The hearing on the motion was held by the undersigned on July 23, 2009. At the conclusion of that hearing, the undersigned denied the motion for reconsideration. [Record document 277]. The reasons for the denial of the motion follow.

The defendant's written motion is, to be kind, unclear as to the basis for the requested relief. At the hearing on the defendant's motion, counsel for the defendant clarified that he was relying on the provisions of 18 U.S.C. § 3164 for his relief. The defendant argues that the provisions of § 3164 (b) and (c) require the defendant's release from custody if trial does not commence within 90 days of the date on which he began his incarceration. Alternatively, the defendant argues that he is automatically entitled to reconsideration of his detention after he has been detained for 90 days.

At oral argument, the Government took the position that the defendant was not entitled to relief because the excludable delay period enumerated in § 3161(h) also applied to the provisions of § 3164. The undersigned concludes that the Government's position is correct.

When the Speedy Trial Act was enacted, § 3164 was designed to cover the interim period before the 70 day deadline for commencement of trial became effective. With the passage of PL 96-43, in 1979, the "interim period" language in § 3164 was deleted, but the remainder of the section remained unchanged. Thus, the effect of the amendment was to provide that if a defendant is incarcerated for 90 days before the commencement of trial, he is entitled to release from custody, presumably on conditions of release.

However, the 1979 amendment to § 3164(b) also included the following language:

> The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."[1]

This language was not found in the original provisions of § 3164. Accordingly, after the 1979 amendment, the 90 day period is interrupted by any provision found in § 3161(h) which tolls the running of the clock under the Speedy Trial Act.

As the undersigned pointed out during the hearing, this case has been declared "complex" pursuant to § 3161(h)(8)(B)(ii). [Record document 69]. Accordingly, all of the time from the date of the order declaring this case to be "complex", that is, since

---

[1] § 3164 (c) refers to "the failure to commence trial of a detainee as specified in subsection (b)". Accordingly, this excludable period applies to subsection (c) as well.

August 25, 2008, is both excluded from the running of the speedy trial clock and interrupts the 90 day period set out in § 3164.

Until the 1979 amendments, there was a split in the circuits as to whether or not excludable time under § 3161 also interrupted the 90 day period set forth in § 3164. *See U.S. v. Howard*, 590 F.2d 564, 568, (4th Cir. 1979) *cert. den.*, 99 S.Ct. 1547, 440 U.S. 976, 59 L.Ed.2d 795.(1979). The 1979 amendment, however, made the interruption explicit. *See* Wright & Miller, Federal Practice and Procedure, Criminal, § 833, n.61.

Furthermore, every decision which the undersigned has been able to locate supports this holding. *See United States v. Adusei,* 2009 WL 2045619 (W.D. Pa., 2009) (periods of time excludable under § 3161 also interrupt the running of time under § 3164); *Evans v. United States*, 2009 WL 1324953 (N.D. Miss., 2009) (same); *United States v. Davidson*, 2009 WL 1346065 (E.D. Tenn., 2009) (same); *United States v. Garraud,* 2008 WL 5264915 (E.D. Pa., 2008) (same).

Accordingly, the undersigned holds that because the period of delay is excludable pursuant to § 3161(h), the 90 day period is interrupted, and, therefore, the defendant is not entitled to release under § 3164.

The defendant argues, somewhat persuasively, that this reading of § 3164 makes the 90 day period superfluous. The defendant argues that if the Court's reasoning is correct, the 90 day period is irrelevant because the defendant would be entitled to a dismissal of the prosecution under § 3161 upon the passage of only 70 days, rather than

mere release from custody after the passage of 90 days.

While the undersigned is not prepared to say that the provisions of § 3164 are superfluous, it should be remembered that the Speedy Trial Act, and the 1979 amendments thereto, predate the passage of the Bail Reform Act of 1984 which, of course, provides for pretrial detention, and provides the basis of this defendant's detention in this case. Whether or not the Congress considered the provisions of § 3164 at the time that the Bail Reform Act was passed, the undersigned cannot say. The undersigned is compelled, however, to enforce, and give full meaning to, the plain language of § 3164.

In the event that § 3164 is read to provide for automatic review of the conditions of detention after 90 days confinement, the court had counsel for the defendant proffer, at the hearing, the evidence that he would introduce at a new bond (detention) hearing. Magistrate Judge Methvin, at the time of the original detention hearing herein, recognized the presumption in favor of detention. Thereafter, she held that the defendant, Colbert, had rebutted the presumption of risk of flight, but had failed to rebut the presumption of "dangerousness" created by 18 U.S.C. § 3142. [Record document 63].

After considering the proffer made by counsel for the defendant, the undersigned would also find that the defendant had rebutted the presumption of "risk of flight" but has failed to rebut the presumption of "dangerousness". For that reason, even if reconsideration were to be granted by the undersigned, the undersigned would

nevertheless hold the defendant detained pending trial in September 2009.

For the above reasons, the motion to reconsider detention filed by the defendant, Robert Andrew Colbert, is **denied**.

July 24, 2009, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE